No. 9609.

BOSWELL v. WILLIAMS ET AL.

PAYMENT.—*Evidence.*—*Presumption.*—*Agreement.*— *Judgment.*—*Stay of Execution.*—*Settlement.*—*Burden of Proof.*—*Instruction.*—In an action for pasturage, evidence that at the date of a judgment against the plaintiff he agreed to pay the same in pasturage and thereby obtained a stay of execution, and further evidence that the judgment had been satisfied of record, raised a presumption of payment for the pasturage, and justified an instruction that " the plaintiff can not recover unless it appears from a preponderance of the evidence that the claim sued on was omitted intentionally or by mistake from the settlement made when the judgment was settled."

From the Benton Circuit Court.

*M. H. Walker, S. P. Thompson* and *I. H. Phares,* for appellant.

*D. E. Straight, U. Z. Wiley, G. S. Behm* and *A. O. Behm,* for appellees.

FRANKLIN, C.—Appellant sued appellees for the pasturage upon certain real estate. The third paragraph of the answer

alleged that the contract for pasturage had been settled in the payment and satisfaction of a judgment held by appellees against appellant.

Trial by jury, verdict for appellees, and, over a motion for a new trial, judgment was rendered for appellees.

The error assigned is the overruling of the motion for a new trial. The reasons stated for a new trial are, that the verdict is not sustained by sufficient evidence, is contrary to law, and error in instructions to the jury.

The first and second reasons are expressly waived by appellant in his brief.

The instruction complained of is as follows: "If the jury find from the evidence that the judgment referred to in the contract sued upon was settled and receipted in full on August 15th, 1877, the presumption of law would be that the plaintiff's claim was then settled, and the plaintiff can not recover unless it appears from a preponderance of the evidence that the claim sued on was omitted intentionally or by mistake from the settlement made when the judgment was settled."

The judgment referred to was rendered on the 10th day of February, 1876. The receipt of payment and release of the judgment, showing satisfaction in full of principal and interest, was executed on the 15th day of August, 1877. The contract sued upon was executed on the same day of the judgment, and provided that the price of the pasturage should be credited on the judgment; that the pasturage should commence at the beginning of the pasturing season in the spring and end the 1st of October, 1876; that the pasturage should then be credited upon the judgment as of the date of its beginning, that no execution should issue until the said 1st day of October, 1876, and, should one-half of the balance of the judgment be then paid, no execution should issue until the 10th day of February, 1877.

The contract sued upon was executed as a part of an agreement upon which the judgment was rendered, and is so intimately connected with the judgment and its payment, satis-

faction and release, that we think that a receipt and release of payment, and satisfaction in full of the judgment, were sufficient to raise a presumption that the contract sued upon was settled in the settlement of the judgment, and that it devolved upon the plaintiff to show, by a preponderance of the evidence, that the contract sued upon was omitted or by mistake was left out of the settlement of the judgment. Had the contract sued upon had no connection with the rendition, payment, satisfaction or release of the judgment, the rule would have been otherwise, and it would have devolved upon the defendants to show, by a preponderance of the evidence, that the contract was included in the settlement of the judgment, or that there was a general settlement of all matters between the parties.

Upon the proof by defendants of a general settlement, it would have devolved upon the plaintiff to show that his claim was not included in the general settlement, and proof of the settlement of the judgment cast the burden of proof upon the plaintiff, to prove that his claim, which was so connected with the payment and settlement of the judgment, was not included in the settlement.

We think there was no error in the instruction, and that there was no error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is in all things affirmed, with costs.